UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ENGINEERING CORP.,

    Plaintiff/Counter-Defendant,

v.

ROSS ARCHERY, INC.,

    Defendant/Counter-Plaintiff.

and

ROSS ARCHERY, INC.,

    Third-Party Plaintiff,

v.

G5 OUTDOORS, LLC,

    Third-Party Defendant.
_____/

CIVIL ACTION NO. 08-11072

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**:

I recommend that the Motion of Plaintiff/Counter-Defendant Grace Engineering Corp. for Default Judgment; for Dismissal of Defendant/Counter-Plaintiff Ross Archery, Inc.'s Counterclaim; for Sanctions Pursuant to Fed.R.Civ.P. 37(b); and for a Declaratory Judgment Pursuant to Fed.R.Civ.P. 57 be granted.

I further recommend that the Motion of Third-Party Defendant G5 Outdoors, LLC for Dismissal of Third-Party Plaintiff Ross Archery, Inc.'s Third-Party Claim be granted.

## II. REPORT:

### A. Procedural History

Plaintiff Grace Engineering Corp. ("Grace") filed this action on March 12, 2008. The Complaint seeks recovery on a defaulted promissory note, and upon a separate outstanding balance for archery equipment supplied to Defendant Ross Archery, Inc. ("Ross") under a manufacturing agreement (the "Agreement"). In addition, Plaintiff seeks a declaratory judgment stating that the agreement's restrictions regarding production do not survive the termination of the contract due to Defendant's default. On April 1, 2008, Ross filed its Answer and Affirmative Defenses, together with a counterclaim. Grace filed its Answer to the counterclaim on April 17, 2008.

A Scheduling Order was entered on May 14, 2008. On July 1, 2008, Ross filed a Third-Party Complaint against G5 Outdoors, LLC ("Outdoors"), as well as a counterclaim against Grace. Outdoors filed its Answer to the Third-Party Complaint on July 11, 2008. Grace filed its Answer to the counterclaim on the same date.

On October 8, 2008, the magistrate judge granted Grace and Outdoors' Motion to Compel Discovery, as well as the Motion of Lewis and Monday, attorneys, to withdraw as Counsel for Ross. In an Order on October 15, 2008, the magistrate judge directed Ross to obtain substitute counsel within ten days of service of the Order. Lewis and Monday were directed to serve the Order upon Ross, and to file a certification of such service. The same Order directed Ross to fully respond to all of Plaintiff's discovery requests within ten days of the appearance of its substitute counsel. Ross' objections to discovery were overruled, and Plaintiff was permitted an additional thirty-five days after Defendant's service

of its discovery responses within which to complete its discovery. Ross was ordered to pay Plaintiff the sum of $500.00, within thirty days of Lewis and Monday's service of the Order upon it, as a discovery sanction. The Order specifically advised Ross that failure to comply in any respect with its terms would result in a Report and Recommendation to the district judge that Defendant's pleadings be stricken and that Judgment against it be entered. On October 16, 2008, Lewis and Monday filed a Proof of Service of the magistrate judge's October 15, 2008 Order upon Ross.

No further action was taken in the case until December 2, 2008. On that date, Grace and Outdoors filed the instant Motion. Pursuant to an Order of Reference on January 28, 2009, the magistrate judge set the Motion for hearing on February 19, 2009. Notice of the hearing was issued to Ross. No Response to the Motion was filed by Ross. Grace and Outdoors appeared, by counsel, for hearing of the Motion on February 19, 2009. Ross did not appear.

    **B.**    <u>**Analysis**</u>

        **1.**    <u>**Grace is Entitled to Judgment on its Complaint**</u>

Fed.R.Civ.P. 55(a) provides that, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed.R.Civ.P. 55(b)(2) provides that, if the party against whom a default judgment is sought has appeared personally or by a representative, that party must be served with written notice of the application at least three days before a hearing. In the instant case, Defendant Ross has appeared in this action, by counsel, and has filed an Answer, a Counterclaim and a Third-

3

Party Complaint.  While Ross' attorney of record has sought, and received, leave of court to withdraw, Ross remains subject to this court's jurisdiction.  Plaintiff's Motion was served upon Ross at the address provided by him in the course of their business dealings (see Exhibit A to Complaint).  The Clerk of the Court issued notice of the February 19, 2009 hearing to Ross at the same address.  At the hearing, counsel for Plaintiff represented that she had received a telephone contact from Mr. Charles Ross, on behalf of Defendant acknowledging his receipt of the Motion and the Notice of Hearing, although receipt was delayed by a change of address.  Despite actual notice, Ross did not appear, or seek a continuance of the hearing.  Further, Defendant has taken no effort since the February 19, 2009 hearing to defend the Complaint or to pursue its counterclaim or third-party claim.

When a Defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true.  Thomson v. Woostr, 114 U.S. 104 (1885); Antoine v. Atlast Turner, Inc., 66 F.3d 105, 110-11 (6th Cir. 1995).  Fed.R.Civ.P. 55 does not require a presentation of evidence as a prerequisite to the entry of a default judgment, although it empowers the court to conduct such hearings as it deems necessary and proper to enable it to determine the amount of damages, enter judgment or carry it into effect.  Fed.R.Civ.P. 55(b)(2); Wright, Miller and Kane, Federal Practice and Procedure, Civil 3rd §2688.  In the instant case, Plaintiff has submitted the sworn declaration of Doug Archer, controller for Plaintiff Grace Engineering Corp., attesting to an unpaid balance on the Ross Archery, Inc. account in the amount of $200,000.00 that later became subject to the promissory note between the parties, and to further sales in the amount of $46,644.91.  Although served with the declaration, Ross has failed to contest Plaintiff's claims, or to pursue its own.  I recommend that Judgment be entered for Plaintiff on the Complaint in the sum of $246,644.91.  Plaintiff should also recover its costs.

### 2. Grace and Outdoors are Entitled to Dismissal of Ross' Counterclaim and Third-Party Claim for Lack of Prosecution

The Supreme Court of the United States has held that a court's authority to dismiss a case *sua sponte* for lack of prosecution is an inherent power, governed not by rule or statute but by control necessarily vested in court's to manage their own affairs so as to achieve orderly and expeditious disposition of cases. Link v. Wabash Railroad Company, 370 U.S. 626 (1962). The U.S. Court of Appeals for the Sixth Circuit has held that Fed.R.Civ.P. 41(b) recognizes the power of a district court to enter a *sua sponte* Order of Dismissal for failure to prosecute, which is reviewed on an abuse of discretion standard. Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991). The same court, however, has also held that dismissal for failure to prosecute is disfavored, and should be used only in extreme situations. Consolidation Co. v. Gooding, 703 F.2d 230 (6th Cir. 1983). In this case, Ross' initial counterclaim was filed more than one year ago. Its Third-Party Complaint and Second Counterclaim were on July 1, 2008. Ross has taken no action to pursue those claims. Ross' attorney of record withdrew from the case seven months ago. A corporation may not appear in court through its officers or owners, but must be represented by an attorney. Doherty v. American Motors Corp., 728 F.2d 334, 340 (6th Cir. 1984). Ross has taken no action to secure new counsel. Ross' prior counsel certified service of the magistrate judge's Order of October 15, 2008 directing Ross to obtain new counsel within ten days of such service, and to otherwise advance this action by responding to Plaintiff's discovery. That service was effected by e-mail and by regular mail on October 16, 2008. To date, no action has been taken. I find nothing in the record to suggest that any action will be taken by Ross to pursue its claims.

Courts considering dismissal under Fed.R.Civ.P. 41 look to four factors: "(1) whether the party's failure to cooperate is due to wilfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Stouh v. Maryville Community Sch., 138 F.3d 612, 615 (6th cir. 1998).  While no one factor is typically outcome dispositive, a case is properly dismissed where a clear record of delay or contumacious conduct exists. Knoll v. American Tell and Tell Co., 176 F.3d 359, 363 (6th Cir. 1999) (citing Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980).  I am satisfied that all of the factors to be considered under Rule 41 favor the relief prayed in the instant Motion.

Although Ross has filed a counterclaim against Grace, and a third party claim against Outdoors, it has completely failed to pursue such claims.  Ross cannot appear before this court due to its lack of counsel.  Absent representation, it cannot comply with this court's previous Order.  Ross' previous counsel withdrew because of Ross' failure to meaningfully cooperate in the defense of the Complaint or the prosecution of its affirmative claims.  Ross' failure to obtain new counsel, and to otherwise comply with the magistrate judge's Order makes it impossible for any party to prosecute this case to a conclusion. Grace and Outdoors have been prejudiced because Ross has not participated in discovery necessary to the effective litigation of this case. The Order of October 15, 2008 contains a specific advisement that Ross' failure to comply with its terms would result in a recommendation that its pleadings in this matter be stricken and that judgment against it be entered.  The court's October 2008 imposition of a far lesser sanction in the form of a

6

$500.00 monetary award has been totally ignored.  I am fully satisfied that dismissal of Defendant's counterclaims and Third-Party Complaint are appropriate under these circumstances.

### 3. **Ross' Counterclaims and Third-Party Complaint Should be Dismissed for Failure to Comply with the Order of October 15, 2008.**

Fed.R.Civ.P. 37(b)(2) provides that a district court may sanction a party for failure to obey an order to provide or permit discovery.  Available sanctions include the striking of pleadings in whole or in part, dismissing an action or proceeding in whole or in part, and/or rendering a default judgment against the disobedient party.  As stated above, the magistrate judge's Order of October 15, 2008 directed Ross to retain new counsel within ten days of service of the Order, and to respond fully to Plaintiff's discovery requests within ten days of the appearance of such counsel.  Ross was further directed to pay sanctions in the sum of $500.00 within thirty days of service of the Order, for failure to comply with his discovery obligations.  Defendant was advised that failure to comply with any aspect of the Order would result in a recommendation to the district judge that its pleadings be stricken and that Judgment be rendered against it on the claims in the Complaint.  Ross has failed to comply with any provision of the Order.  If a party has the ability to comply with a discovery Order and does not do so, dismissal is not an abuse of discretion.  Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 153 (6th Cir. 1988).

In Regional Refuse, the court identified four factors which must be considered in determining the appropriateness of dismissal or default as a consequence of discovery abuses.  Those factors are: 1) whether the party's failure to cooperate in discovery is due

to willfulness, bad faith or fault; 2) whether the adversary was prejudiced by the defending party's failure to cooperate in discovery; 3) whether the offending party was warned that failure to cooperate could lead to dismissal; and 4) whether less dramatic sanctions were imposed or considered. I am satisfied that the relevant factors have been satisfied in this case. Ross has totally failed to comply with its discovery obligations. The magistrate judge's Order of October 2008 directed prompt action to rectify that failure. Ross has taken no action to comply with any portion of the Order. I am satisfied that the failure to cooperate in discovery is wilful. Ross' refusal to answer relevant questions or to produce requested documents has prejudiced the Plaintiff/Counter-Defendant and Third-Party Defendant in the preparation of their claims and defenses. The Order of October 15, 2008 warned Ross that its failure to comply would result in a recommendation that his pleadings be stricken and that a judgment be entered against it. That Order further imposed far less dramatic sanctions, in the form of a $500.00 monetary penalty. No part of that penalty has been discharged. Accordingly, I conclude that the severe sanctions of a judgment for Plaintiff on the Complaint and the dismissal of Ross' counterclaims and Third Party Complaint are fully appropriate.

### 4. **Plaintiff is Entitled to the Declaratory Relief Sought in the Complaint**.

Fed.R.Civ.P. 57 provides that the Federal Rules of Civil Procedure apply to an action for declaratory judgment. All of the arguments in support of my recommendation for judgment on Plaintiff's claims for monetary relief apply equally well to its claims for declaratory relief.

For all of the above reasons, I recommend that the Motion of Plaintiff, Counter-Defendant Grace Engineering Corp. for Default Judgment, Dismissal of Defendant's Counterclaim, for Sanctions Pursuant to Fed.R.Civ.P. 37(b) and for Declaratory Judgment Pursuant to Fed.R.Civ.P. 57 be granted.  I further recommend that the Motion of Third-Party Defendant G5 Outdoors, LLC for Dismissal of Defendant's Third Party Complaint and for Sanctions Pursuant to Fed.R.Civ.P. 37(b) be granted.  Plaintiff should also be awarded its costs.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The

response shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/Donald A. Scheer
                                            DONALD A. SCHEER
                                            UNITED STATES MAGISTRATE JUDGE

DATED: May 6, 2009

_____

### CERTIFICATE OF SERVICE

    I hereby certify on May 6, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 6, 2009:

        **Ross Archery, Inc.**    **Ross Archery, Inc.**
        **14710 Reeds St.**       **4280 Main Street**
        **Overland Park, KS**    **Grandview, MO**
              **66223**                  **64030**

    I hereby certify that a copy of this paper was electronically mailed to the following non-registered ECF participants on May 6, 2009:    **arossjr@gmail.com**
                                                                **maximumandy@gmail.com**
                                                                 **andy@maximumarcher.com**

                                            s/Michael E. Lang
                                            Deputy Clerk to
                                            Magistrate Judge Donald A. Scheer
                                            (313) 234-5217